UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JIMMIE J. WILSON,

    Petitioner,

vs.                                       Case No. 3:10-cv-774-J-12TEM

WALTER A. MCNEIL, etc.;
et al.,

    Respondents.

---

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court upon a Petition for Writ of Habeas Corpus (Doc. #1), in which Petitioner challenges a 1998 state court (Duval County, Florida) conviction and sentence for robbery. This Court takes judicial notice of Petitioner's previous filing in this Court, in which he challenged the same judgment of conviction he attacks herein: Case No. 3:05-cv-989-J-33MCR. Before a second or successive habeas corpus application may be filed in this Court, Petitioner is required to obtain an order from the United States Court of Appeals for the Eleventh Circuit, authorizing the district court to consider his application. See 28 U.S.C. §2244(b)(3)(A). For this reason, this case will be dismissed without prejudice to give Petitioner the opportunity to seek the requisite authorization from the Eleventh Circuit.

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a

certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

2

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.[1]

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court shall send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

5. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8TH day of September, 2010.

                                                *Howell W. Melton*
                                              UNITED STATES DISTRICT JUDGE

---

[1] The Court notes, however, that the dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d)..

sc 9/2
c:
Jimmie Justin Wilson

4